UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANA NATALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-cv-10810-DJC |
| ) | |
| BARSTOOL SPORTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                   **August 19, 2024**

*Pro se* litigant Diana Natale has filed a civil complaint, D. 1, in which she alleges that the defendants published defamatory false statements against her, invaded her privacy, and shared her personal information in a podcast without her consent. Natale brings claims for defamation, civil harassment under Mass. Gen. L. c. 214 § 1B, wiretapping under Mass. Gen. L. c. 272 § 99, and cyberstalking under Mass. Gen. L. c. 265 § 43. D. 1 at 75-80. Natale has also filed a motion for leave to proceed *in forma pauperis*, D. 2, motions to impound filings, D. 4, 5, 7, 8 and a motion to sequester witnesses, D. 6. For the reasons set forth below, the Court ALLOWS the motion for leave to proceed *in forma pauperis*, D. 2, DENIES the motions to impound and sequester witnesses, D. 4-8, and DISMISSES this action for lack of subject matter jurisdiction.

**I.     Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the motion for leave to proceed *in forma pauperis*, the Court concludes that Natale has adequately demonstrated her inability to prepay the filing fee. Accordingly, this motion D. 2, is ALLOWED.

1

## II.  Subject Matter Jurisdiction

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). "A district court generally has the obligation, when there is any question, to confirm that it has subject matter jurisdiction prior to considering the merits of the underlying controversy." Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Congress has granted [district] courts jurisdiction over two main kinds of cases." Badgerow, 596 U.S. at 7. Pursuant to 28 U.S.C. § 1331 ("§ 1331"), a federal district court may exercise jurisdiction over cases arising under federal law. Under 28 U.S.C. § 1332 ("§ 1332"), in relevant part, federal district courts have jurisdiction to decide cases in which the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). Where a party seeks to invoke a federal court's diversity subject matter jurisdiction under § 1332, there must be complete diversity of citizenship between the parties, meaning that no plaintiff is a citizen of the same state as any defendant. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); BRT Mgmt. LLC, Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2024).

In the context of § 1332, "citizen" has unique meaning. "Natural persons are citizens of the state in which they are domiciled," BRT Mgmt., 68 F.4th at 695, and "[a] person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," Aponte–Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (quoting Rodriguez–Diaz v. Sierra–Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988)) (internal quotation marks omitted). A corporation is a citizen of the state of its

2

incorporation and of its principal place of business.  See 28 U.S.C. § 1332(c)(1).  The citizenship of an unincorporated entity, such as a partnership, is a citizen of every state of which its members are citizens.  See Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016).

Here, Natale has not set forth a claim over which the Court has subject matter jurisdiction. Natale invokes the Court's diversity subject matter jurisdiction under § 1332, D. 1 at 5,[1] but her complaint does not indicate that there is complete diversity of state citizenship between herself and all the defendants.  Natale represents that she is a citizen of Massachusetts, and that the corporate defendant is a citizen of New York and Delaware.  Id. at 5-6.  However, she does not identify the citizenship of the nine individual defendants, two of whom Natale identifies as attorneys with the Boston law firm of Todd & Weld LLP ("Todd & Weld") and another five of whom have addresses in Massachusetts.  Id. at 11-12.  For complete diversity of citizenship to exist, the "true, fixed home and principal establishment" of all Defendants must be outside of Massachusetts, which is not alleged here.

**III.   Motions to Impound**

Natale has filed several *ex parte* motions to impound.  D. 4, 5, 7, 8.  Although the motions have different titles, in all of them Natale asks that "names of the parties, the docket, and all documents filed herein to date" be impounded.  D. 4 at 1; D. 5 at 1; D. 7 at 1; D. 8 at 1.  She also asserts that, "because of the nature of [her] complaint and the parties involved," if the motions are denied, "this will be all over the internet at first light possibly compromising the case."  D. 4 at 2; D. 5 at 2; D. 7 at 1; D. 8 at 1.

---

[1] Natale indicates on her civil cover sheet that the Court has federal question jurisdiction over this action.  D. 1-1.  However, within the complaint, Natale has not identified, nor can the Court discern, any claim arising under federal law.

The Court DENIES these motions to impound.  There is a long-standing common law presumption of public access to judicial records.  See United States ex rel. Nargol v. DuPuy Orthopaedics, Inc., 69 F.4th 1, 15 (1st Cir. 2023); In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005).  "[P]ublic monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system."  Nargol, 69 F.4th at 15 (quoting United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013)).  Although "it is within a court's discretion to curtail the common law presumption of public access, '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'"  Gitto Global, 422 F.3d at 6 (as in original) (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410) (1st Cir. 1987)).

Here, Natale has not set forth an adequate basis for the Court to order the impoundment of the "names of the parties, the docket, and all documents filed" in this case.  The thrust of Natale's claim is that the defendants have recently widely broadcasted false statements that, thirty years ago Natale and her then-minor children engaged in criminal or otherwise reprehensible misconduct.  There is no "compelling reason" to curtail access to alleged misinformation that, even as alleged by Natale, is already largely available to the public.  In addition, there is no basis for preventing the public from learning that Natale seeks recourse for the defendants' alleged misconduct.

**IV.     Motion for Sequestration of Witnesses**

In her motion for sequestration of witnesses, Natale asks that the Court "exclude witnesses from the courtroom, to avoid having a witness color his testimony by testimony of others."  D. 6 at 1.  Because the Court is dismissing the case for lack of subject matter jurisdiction, the Court DENIES this motion as moot.

V.	**Conclusion**

For the foregoing reasons, the Court orders as follows:

1.	The motion to proceed *in forma pauperis*, D. 2, is ALLOWED;

2.	The motions to impound, D. 4, 5, 7, 8 are DENIED;

3.	The motion for sequestration of witnesses, D. 6, is DENIED as moot; and

4.	This action is DISMISSED for lack of subject matter jurisdiction.

**So Ordered.**

/s Denise. J. Casper
Denise J. Casper
United States District Judge