# United States Court of Appeals
## For the First Circuit

_____

No. 24-1877

DIANA NATALE,

Plaintiff - Appellant,

v.

BARSTOOL SPORTS, INC.; DAVID PORTNOY; KIRK MINIHANE; STEVE ROBINSON; JUSTIN TRUDELL; HARRISON MARKOWSKY; CHARLES CASTRO; MICHELLE LITTLEFIELD; DCS INVESTIGATIONS,

Defendants - Appellees.
_____

Before

Montecalvo, Rikelman and Aframe,
Circuit Judges.
_____

**JUDGMENT**

Entered: March 28, 2025

Plaintiff-appellant Diana Natale appeals from the district court's dismissal of her complaint for lack of subject matter jurisdiction. Natale also appeals from the district court's denial of several motions to impound. Also pending are Natale's requests in this court (1) to correct the district court docket, an entreaty that was embedded in her opening brief; (2) a "motion for a hearing to have complaint amend[ed]"; and (3) a "motion for a hearing on altered documents [and] to amend complaint."

After a careful review of the arguments presented on appeal and relevant portions of the record, we conclude that this appeal presents "no substantial question" and that summary affirmance is in order. See 1st Cir. R. 27.0(c) (court may summarily affirm if no "substantial question" presented).

As an initial matter, consistent with precedent, we construe the dismissal for lack of subject matter jurisdiction as a dismissal without prejudice. See U.S. ex rel. Poteet v. Bahler Med., Inc.,

619 F.3d 104, 115 (1st Cir. 2010) (indicating that dismissal for lack of subject matter jurisdiction is not a decision on the merits and thus generally is treated as being without prejudice).

As to the district court's jurisdictional reasoning, on appeal, Natale has abandoned any reliance on diversity jurisdiction principles, 28 U.S.C. § 1332. As to her invocation of 28 U.S.C. § 1331 federal question principles, Natale has not demonstrated error as to the district court's conclusion that the exercise of federal question jurisdiction would not have been appropriate under the circumstances. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States.") (emphasis added); Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt., 585 F.3d 42, 48 (1st Cir. 2009) (discussing scope of federal question jurisdiction); Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."). As the district court explained, Natale framed all of the claims set out in the operative complaint in terms of state law and did not directly assert any claim legitimately animated by federal law. See Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co., Inc., 88 F.4th 58, 64 (1st Cir. 2023) (explaining that the "well-pleaded complaint" rule "requires that a federal matter appear 'on the face' of a plaintiff's complaint" and that "a litigant cannot establish federal-question jurisdiction by merely asserting a state-law claim to which there is a federal defense"). Natale's attempt to rely on "embedded federal question" jurisdiction, a "rare" subset of federal question jurisdiction, also is without merit. See Rhode Island Fishermen's All., Inc., 585 F.3d at 48 (setting forth general principles); Rhode Island Truck Ctr., LLC v. Daimler Trucks North Am., LLC, 92 F.4th 330, 342 (1st Cir. 2024) (same).

As to Natale's challenges to the district court's denial of her requests to impound, the arguments she offers on appeal do not demonstrate an abuse of the district court's discretion. See United States ex rel. Nargol v. DePuy Orthopaedics, Inc., 69 F.4th 1, 15 (1st Cir. 2023) (standard of review for denial of a motion to seal premised on the common-law right of access to judicial documents); United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (requiring courts to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access") (internal quotation marks and citation omitted).

To the extent that the district court's ruling on Natale's post-dismissal "motion to transfer" properly is before the court, Natale has failed to demonstrate any legal error or abuse of discretion. See, e.g., Markel Am. Ins. Co. v. Diáz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (Fed. R. Civ. P. 59(e) standard); Roosevelt REO PR II Corp. v. Del Llano-Jimenez, 765 F. App'x 459, 461 (1st Cir. 2019) (unpublished opinion) (Fed. R. Civ. P. 60(b) standard). The remaining points set out in Natale's brief lack merit.

Natale's numerous requests to correct the district court docket, for a hearing, and to amend her complaint are denied, and any remaining pending motions or requests, to the extent not mooted by the foregoing, are denied.

Affirmed. See 1st Cir. R. 27.0(c).

        By the Court:

        Anastasia Dubrovsky, Clerk

cc:
Diana Natale